## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                    **CRIMINAL ACTION**

**VERSUS**                                                                      **NO. 14-168**

**LANCE SINGLETON**                                                    **SECTION I**
**RAY WOODRUFF**

### ORDER AND REASONS

Before the Court are oppositions filed by defendants, Lance Singleton ("Singleton")[1] and Ray Woodruff ("Woodruff"),[2] to the government's notice[3] of intent to admit intrinsic evidence or, alternatively, notice of intent to introduce "other act" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. The government has filed a response.[4] The Court held a status conference regarding the issues raised by the parties and now issues this order and reasons.

### BACKGROUND

Singleton and Woodruff, along with others, are charged in a sixteen-count superseding indictment.[5] Count one charges Singleton, Woodruff, and others with conspiracy to distribute and possess with the intent to distribute cocaine base and heroin beginning "not later than January 1, 2010, and continuing until on or about November 20, 2013."[6] Count two charges both Singleton, Woodruff, and others with conspiracy to possess firearms in furtherance of drug trafficking crimes

---

[1]R. Doc. No. 225.
[2]R. Doc. No. 224.
[3]R. Doc. No. 211.
[4]R. Doc. No. 265.
[5]R. Doc. No. 174.
[6]R. Doc. No. 174, at 2.

1

beginning "not later than August 1, 2012, and continuing until on or about July 9, 2013."[7] Count three charges Singleton with possession with the intent to distribute crack cocaine on or about January 5, 2012,[8] and count four charges that on or about January 5, 2012, Singleton possessed a firearm in furtherance of the drug trafficking crime charged in count three.[9] Count seven charges Singleton and another defendant with causing the death of Shanna Girod and Willie Odom on or about August 18, 2012, in violation of 18 U.S.C. § 924(c)(1) and (j)(1)-(2).[10] Counts nine and eleven charge Woodruff and others with knowingly using, carrying, brandishing, and discharging firearms during and in relation to a drug trafficking crime on or about January 12, 2013, and February 11, 2013, respectively.[11] Count twelve charges Woodruff and other defendants with causing the death of Emeal Washington on February 11, 2013, in violation of 18 U.S.C. § 924(c)(1) and (j)(1)-(2).[12] Count thirteen charges Woodruff and other defendants with causing the death of Doreth Richardson on February 15, 2013, in violation of 18 U.S.C. § 924(c)(1) and (j)(1)-(2).[13] Count fifteen charges Woodruff with distribution of heroin on June 18, 2013.[14]

## LAW AND ANALYSIS

### A.      Applicable Law

Rule 404(b)(1) of the Federal Rules of Evidence provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular

---

[7]R. Doc. No. 174, at 2-3.
[8]R. Doc. No. 174, at 3.
[9]R. Doc. No. 174, at 3.
[10]R. Doc. No. 4-5.
[11]R. Doc. No. 174, at 5-6.
[12]R. Doc. No. 174, at 7.
[13]R. Doc. No. 174, at 7-8.
[14]R. Doc. No. 174, at 3.

occasion the person acted in accordance with the character." Rule 404(b)(2) specifies that such evidence may be admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

In order to determine whether "other acts" evidence is admissible, the Court must first determine whether the evidence is intrinsic or extrinsic to the charged crime. *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996). Rule 404(b) only applies to extrinsic other acts. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010).

"'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *Id.* (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). Such evidence is admissible to "'complete the story of the crime by proving the immediate context of events in time and place,' and to 'evaluate all of the circumstances under which the defendant acted.'" *Id.* (citations omitted). The Fifth Circuit has "given greater latitude in classifying evidence as intrinsic" when a defendant is charged with conspiracy, as are Singleton and Woodruff. *See United States v. Girod*, 646 F.3d 304, 320 (5th Cir. 2011).

If evidence is not "intrinsic," the next question is whether the evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. Rule 404(b) prohibits the admission of evidence of a crime, wrong, or other act to prove a person's character in order to show that on a particular occasion the person acted in accordance with such character. In *United States v. Beechum*, the Fifth Circuit outlined a two-step test to determine the admissibility of extrinsic evidence of "other acts." 582 F.2d 898, 911 (5th Cir. 1978). "Under *Beechum*, evidence of extrinsic offenses is

admissible if it is (1) relevant to an issue other than the defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant." *United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002).

"'Evidence is relevant if it makes the existence of any fact at issue more or less probable than it would be without the evidence.'" *United States v. Williams*, 957 F.2d 1238, 1244 (5th Cir. 1992) (quoting *Williams*, 900 F.2d at 826). The relevance of an extrinsic offense "is a function of its similarity to the offense charged," and similarity must be determined with respect to the particular "issue to which the extrinsic offense is addressed." *Beechum*, 582 F.3d at 911.[15] Furthermore, other acts evidence is relevant "only if the jury can reasonably conclude that the extrinsic act occurred and that the defendant was the actor." *United States v. Bailey*, 111 F.3d 1229, 1233 (5th Cir. 1997).

In making its relevance determination, the Court is not required to make a preliminary finding that an extrinsic act in fact occurred. *Huddleston v. United States*, 485 U.S. 681, 688-89 (1988). The Court may instead admit extrinsic offense evidence under Federal Rule of Evidence 104(b), which requires the Court to "examine[] all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact … by a preponderance of the evidence." *Id.* at 690. The Court has broad discretion to control the order of proof at trial, and it may allow the government to introduce evidence concerning a similar act subject to a later assessment of whether sufficient evidence has been offered to permit the jury to make the requisite finding. *Id.* Only if the government ultimately fails to meet this "minimal standard of proof" must the Court instruct the jury to disregard the evidence that was conditionally admitted. *Id.*

---

[15] "[O]verall similarity is not required," however, "when the offense is introduced to show motive." *Id.* at 911 n.15.

4

With respect to substantial prejudice, the second part of the *Beechum* test "calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense." *Beechum*, 582 F.2d at 914. Several factors are relevant to this assessment: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013).

**B.**     **Analysis**

The Court held a status conference with counsel for the government, Woodruff, and Singleton on September 3, 2015.[16] The discussion centered on the disputed evidence which the government has stated it intends to introduce at trial.

As discussed at the conference, the Court concludes that with respect to evidence of the recorded telephone conversations involving Woodruff,[17] the May 21, 2012 high speed chase involving Woodruff,[18] and the three interviews by police of Woodruff or Singleton,[19] such evidence is intrinsic to the drug conspiracy charged in count one and therefore admissible. If any of those incidents are not intrinsic to the conspiracy, the Court alternatively holds that they are relevant to establish the association between the alleged co-conspirators as well as their intent, and that "the incremental probative value of the evidence" is not "substantially outweighed by the danger of

---

[16]R. Doc. No. 356.
[17]R. Doc. No. 211, at 8. In its response, the government listed two telephone calls involving Woodruff which took place on November 11, 2013, and November 14, 2013. R. Doc. No. 265, at 5.
[18]R. Doc. No. 208, at 9.
[19]R. Doc. No. 211, at 6, 7, 8. At the status conference on September 3, 2015, counsel for the government agreed to provide to counsel for Singleton and Woodruff the names of the law enforcement officers involved in the three stops.

unfair prejudice" to either defendant. *See Peters*, 283 F.3d at 312. Should either defense counsel

decide to maintain an objection to such evidence, counsel may renew such objection at trial and/or

request an appropriate limiting instruction.

With respect to (1) the August 20, 2007, aggravated batteries committed by Singleton and

another co-defendant, Joequell Lewis,[20] and (2) the March 31, 2012, incident involving Woodruff,

Singleton's father's vehicle, and two handguns (one of which was allegedly stolen),[21] the Court is

unable to decide the admissibility of such evidence at this time without hearing the context within

which such evidence can be evaluated.[22] Accordingly, a determination of the admissibility of

evidence and testimony related to these incidents is deferred until trial. Counsel for the government

shall request permission from the Court before attempting to elicit any testimony or introduce any

---

[20]R. Doc. No. 211, at 13. One of the victims of the aggravated batteries is the brother of Patrick Alexander, who was allegedly shot by defendants other than Singleton on February 11, 2013. *See* R. Doc. No. 211, at 13. The aggravated batteries, committed by Singleton and Joequell Lewis, occurred on August 20, 2007. The government's reasons in support of the admissibility of the aggravated batteries is tenuous at this stage of the proceedings.

[21]R. Doc. No. 211, at 7.

[22]In particular, the Court notes that the March 31, 2012, incident raises multiple problematic issues with respect to (1) the fact that Woodruff, who allegedly "originally denied owning the guns and claimed that he had only known Singleton for a month," R. Doc. No. 265, at 3, and later Singleton, a convicted felon, were each arrested in connection with the March 31, 2012 incident–Woodruff for possession of a stolen firearm and Singleton for possession of a stolen firearm and being a convicted felon in possession of a firearm; (2) the fact that Woodruff, who was not a convicted felon, later attempted to take responsibility for the firearms after allegedly being pressured to do so by Singleton's family; (3) a lack of proof regarding whether these defendants knew that any of the guns were stolen;(4) the fact that the March 31, 2012, incident is within the temporal scope of the drug conspiracy charged in count one but outside the temporal scope of the gun conspiracy charged in count two (although such fact is not fatal to the government's argument); and (5) the fact that the automobile involved did not belong to Singleton but to his father. The Court is concerned that these issues raise a danger of unfair prejudice, confusion of the issues, undue delay, and waste of time that may substantially outweigh any probative value of the incident and warrant exclusion of the evidence pursuant to Rule 403 of the Federal Rules of Evidence.

6

evidence related to these incidents.

**CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the objections filed by Woodruff and Singleton are **DENIED** with respect to the admissibility of the November 11 and November 14, 2013, recorded telephone conversations involving Woodruff, the May 21, 2012 high speed chase involving Woodruff, and the three interviews by police of Woodruff or Singleton. Should counsel for Woodruff or Singleton object to any such rulings, counsel may object at trial and/or request a limiting instruction.

**IT IS FURTHER ORDERED** that the Court's rulings are **DEFERRED** with respect to the admissibility of (1) the August 20, 2007, aggravated batteries committed by Singleton and co-defendant, Joequell Lewis, and (2) the March 31, 2012, incident involving Woodruff, Singleton's father's vehicle, and the two handguns.

**IT IS FURTHER ORDERED** that counsel for the government shall request permission from the Court before arguing and/or attempting to elicit any testimony or introduce any evidence related to (1) the August, 20, 2007 aggravated batteries committed by Singleton and co-defendant, Joequell Lewis; and (2) the March 31, 2012 incident involving Woodruff, Singleton's father's vehicle, and the two handguns.

New Orleans, Louisiana, September 4, 2015.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE