IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 15-31084
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

LANCE SINGLETON, also known as Life Taker,

    Defendant - Appellant



**A True Copy**
Certified order issued Jul 29, 2016

Tyle W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans
_____

Before SMITH, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:

    Defendant-Appellant Lance Singleton pleaded guilty to various drug trafficking and firearm possession offenses and was sentenced to 228 months of imprisonment. Singleton pleaded guilty to these charges pursuant to a written plea agreement in which he waived the right to appeal his sentence except on the grounds that his sentence exceeded the statutory maximum, that his counsel was ineffective or that the conviction or sentence where the superseding

indictment did not state an offense or the factual basis did not show an offense. Singleton has appealed his sentence based on the district court's application of a two point enhancement to the Sentencing Guidelines under U.S.S.G. § 2D1.1.(b)(1) which he contends led to an impermissible double counting of the same conduct. The government seeks to dismiss the appeal under the terms of Singleton's plea agreement. For the foregoing reasons, the government's motion is GRANTED.

Sentencing waivers are reviewed *de novo* using ordinary principles of contract interpretation. *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006) (citing *United States v. Baymon*, 312 F.2d 725, 727 (5th Cir. 2002)). Such provisions may include relinquishment of the right to contest Sentencing Guidelines calculations. *United States v. Bellock*, 590 F. App'x 432, 432-33 (5th Cir. 2015). When determining whether a particular grounds for appeal of a sentence is barred by a waiver provision in a plea agreement, this Court conducts a two-step inquiry: (1) whether the waiver was knowing and voluntary, and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The record indicates that both of these elements are satisfied here.

For a waiver to be knowing and voluntary, the defendant "must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). In this case, Singleton knowingly and voluntarily waived his right to appeal his sentence, as evidenced by the plain language of the plea agreement and the assurances provided by the lengthy plea colloquy with the district court. Singleton does not dispute this.

The Court must then determine whether the waiver applies to the circumstances at issue on appeal, based on the plain language of the agreement. *Bond*, 414 F.3d at 544. The basis for Singleton's appeal is not that his sentence exceeded the statutory maximum, that his counsel was ineffective, or that the superseding indictment or factual basis respectively failed to state or show criminal offenses. Rather, Singleton contends that the Guidelines were misapplied. This issue falls entirely within the scope of Singleton's appellate waiver—specifically, the portion waiving his right "to challenge any United States Sentencing Guidelines determinations and their application[.]"[1]

---

[1] In his opposition brief to the government's motion, Singleton asserts that "[t]he district court did not commit an error in calculating the guidelines, it calculated the sentence based on a *non-existent* guideline provision. Opp. Br. At 4 (emphasis in original). This is a distinction without a difference; whether one argues that the court misapplied existing guidelines or applied non-existing guidelines, such alleged errors would have been covered under the terms of the waiver provision in the plea agreement.

For the above reasons, the government's motion to dismiss the appeal is GRANTED. The government's motion to extend time to file its brief is DENIED as unnecessary.

Certified as a true copy and issued
as the mandate on **Aug 22, 2016**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# *United States Court of Appeals*
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

August 22, 2016

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 15-31084    USA v. Lance Singleton
                      USDC No. 2:14-CR-168-2

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Dawn D. LeBlanc, Deputy Clerk
                              504-310-7717

cc:  Mr. Michael Boland Admirand
     Mr. Kevin G. Boitmann
     Ms. Diane Hollenshead Copes
     Ms. Ada Phleger
     Mr. Myles Drew Ranier
     Mr. Jeffrey Keith Sandman
     Mr. Julious Collin Sims