UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No. 14-168 |
| LANCE SINGLETON | SECTION I |

## ORDER

Before the Court is pro se petitioner Lance Singleton's ("Singleton") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. R. Doc. No. 798. For the following reasons, the motion is denied.

### I.

From January 2010 through October 2012, Singleton conspired with several others to distribute and to possess with the intent to distribute heroin and cocaine. R. Doc. No. 401. Singleton typically carried guns in furtherance of the conspiracy's drug trafficking activity. *Id.* In September 2015, Singleton pleaded guilty to four counts of a sixteen-count superseding indictment charging various drug and firearm violations. R. Doc. No. 400. As part of his guilty plea, Singleton tendered a plea agreement with an appellate and collateral challenge waiver, which stated that he "knowingly and voluntarily . . . [waived] and [gave up] any right to challenge his sentence collaterally." *Id.* at 3. This Court sentenced Singleton to a term of imprisonment of 228 months. R. Doc. No. 536.

Singleton pursued a direct appeal of his sentence on the grounds that his guideline range was improperly calculated. *See* R. Doc. No. 783. Specifically, he argued that the United States Sentencing Guidelines precluded this Court from applying a two-level dangerous weapon enhancement in calculating his offense level. *Id.* The Fifth Circuit dismissed the appeal, finding that Singleton waived his right to appeal his sentence. *Id.*

Singleton now seeks collateral review of his sentence. R. Doc. No. 798. He also raises several ineffective assistance of counsel claims and argues that the sentencing enhancement applied in his case is unconstitutionally vague in light of recent Supreme Court precedent. *Id.* The Court considers each of these arguments in turn.

## II.

Singleton has, for the most part, waived his right to collateral review of his sentence. His plea agreement provides:

> [T]he defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily . . . [w]aives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind . . . The defendant [] retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

R. Doc. No. 400, at 3. Singleton, his attorney, and the assistant United States attorney signed the agreement on September 21, 2015. *Id.* at 5. Singleton now argues that his counsel's "failure to inform [him] of the significance of the plea waiver

rendered the plea agreement unkowing [sic] and involuntary." R. Doc. No. 798, at 4. The Court disagrees.

"A waiver is knowing and voluntary where the defendant indicates at the plea hearing that he has read and understands the plea agreement containing the waiver." *United States v. Donahue*, 333 Fed. App'x 897, 898 (5th Cir. 2009) (citing *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005)). The defendant must understand that he has a right to collateral review and that he is giving up that right. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011) (citation and quotation omitted). "[W]hen the record . . . clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994).

On September 21, 2015, Singleton appeared before the Court for rearraignment. *See* R. Doc. No. 650. At that time, he indicated under oath that he fully understood both the charges against him and the maximum possible sentence he would face if he pleaded guilty. *Id.* at 16–19. He further attested that he read his plea agreement, that he understood it, that he did not disagree with anything in it, that nothing was left out of it, and that he did not wish to have any of the plea provisions explained to him. *Id.* at 35. He also stated that he understood he was waiving his right to direct appeal as well as his right to contest his conviction and sentence in any collateral proceeding under § 2255. *Id.* at 28.

As the Fifth Circuit observed in dismissing Singleton's direct appeal of his sentence, "Singleton knowingly and voluntarily waived his right to appeal his sentence, as evidenced by the plain language of the plea agreement and the assurances provided by the lengthy plea colloquy with the district court. Singleton does not dispute this." R. Doc. No. 783, at 3. The plea agreement was abundantly clear, and Singleton accepted it in open court. The Court now holds him to his bargain. Accordingly, Singleton's challenge to his sentence will be dismissed.

### III.

Under the terms of his written plea agreement, Singleton retained the right to raise ineffective assistance of counsel claims. R. Doc. No. 400, at 3. Despite indicating at his rearraignment that he was entirely satisfied with the advice and services of counsel, R. Doc. No. 650, at 23, Singleton now argues that his lawyer's performance was ineffective in three separate respects: (1) "for allowing [him] to sign a plea agreement that contained a waiver of appeal"; (2) "for not doing adequate pre-trial investigation"; and (3) "for not filing a pre-trial motion to dismiss." R. Doc. No. 798, at 4–5. Each of these arguments is meritless.

### A.

Ineffective assistance of counsel claims are governed by the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a petitioner to prove both deficient performance and resulting prejudice. *Strickland*, 466 U.S. at 687.

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689). In other words, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

A showing of prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With respect to guilty pleas, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, in challenging a guilty plea on grounds of ineffective assistance, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

The petitioner must satisfy both prongs of the *Strickland* test in order to be successful on an ineffective assistance claim. *See Strickland*, 466 U.S. at 687. A court is not required to address these prongs in any particular order. *Id.* at 697. If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

**i.**

Singleton first argues that his counsel was ineffective for permitting him to enter a plea that included a waiver of appeal with regard to his sentence. R. Doc. No. 798, at 4. He claims his lawyer's advice was erroneous because the Court applied a two-level enhancement to his sentence based on the fact that a firearm was possessed in connection with the offense. *Id.* However, Singleton can show no error on the part of counsel "that affected [his] understanding of the consequences of pleading guilty." *Cf. Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (holding that a defendant demonstrated a reasonable probability that he would not have pleaded guilty had he known he would face mandatory deportation as a result and that defense counsel's improper advice on that issue prejudiced the defendant and constituted ineffective assistance).

At Singleton's rearraignment hearing, the Court gave an extensive explanation of the charges Singleton faced, the maximum sentence that could be imposed upon conviction or a plea of guilty, the rights to which Singleton was entitled, and the consequences of waiving those rights. The waiver of appeal, of which Singleton now complains, was addressed at great length in the following exchange:

> **THE COURT**: So listen up. As part of your plea agreement, you have waived your right in most respects to appeal your conviction and/or your sentence. Do you understand that in addition to giving up your right to a direct appeal, you have further waived your right to contest your conviction and/or your sentence in any collateral proceeding pursuant to 28 U.S.C. §§ 2255 and 2241, which allow defendants to challenge whether their sentence and/or conviction were constitutional? Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: You reserve the right, however, to bring a direct appeal of any sentence imposed in excess of the statutory maximum. Now, you have heard the assistant U.S. attorney talk about the waiver with respect to ineffective assistance of counsel. I'm going to give you some more detail about that and that's what will govern, not what's broadly in the plea agreement. You may also challenge your conviction or sentence if you can show that you received ineffective assistance of counsel and the claimed ineffective assistance directly affected the validity of your plea or the waiver of appeal. The waiver of appeal in a plea agreement would also not be enforced to bar a direct appeal where the superseding indictment did not state an offense and/or where the factual basis for the plea did not show the commission of an offense. Otherwise, you have no right to appeal or collaterally attack your conviction and/or sentence. Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Do you understand that with the exception of the situations I just listed, you are waiving your right to appeal or contest your guilty plea, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to your right to appeal any rulings on pretrial motions of any kind? Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: With the exception of the situations I have previously listed, you are waiving your right to appeal or contest your sentence in certain respects. Do you understand that means you are waiving your right to appeal a final sentence that was imposed in violation of law unless such sentence exceeded the statutory maximum? Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: You are waiving your right to appeal a final sentence that was imposed as result of an incorrect application of sentencing guidelines. Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: You are waiving your right to appeal a final sentence that is greater than the guideline range, including a sentence that includes a greater fine, term of imprisonment, probation, or supervised release than the maximum established by the guideline range. Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: You are waiving your right to appeal a final sentence that includes a more limiting condition of probation or supervised release than the maximum established in the guideline range. Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: You are waiving your right to appeal a final sentence that was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Do you understand that you are waiving and giving up any right you might have to contest or appeal any order, decision, or judgment arising out of or related to 18 U.S.C. § 3582(c)(2) with respect to a sentence of imprisonment based on sentencing guidelines that the Sentencing Commission has subsequently lowered?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Do you want me to repeat that? Do you want me to repeat that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Do you understand you are waiving and giving up any right you might have to contest or appeal any order, decision, or judgment arising out of or related to a provision of Title 18 with respect to a sentence of imprisonment based on a sentencing guideline range that the Sentencing Commission has subsequently lowered? Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Basically, what it means is that if I sentence you based on a sentencing guideline and the Sentencing Commission later changes that guideline and lowers it, you will have no right to complain that you should have been sentenced under a lower guideline. Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Do you understand you are waiving and giving up your right to challenge any U.S. Sentencing Guidelines determinations and their application by any judge to your sentence and judgment?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Do you understand you are waiving and giving up your right to collaterally challenge your sentence, including but not limited to any rights which arise under the U.S. Code, Federal Rules of Civil Procedure, Federal Rules of Evidence, and any other collateral challenges to your sentence of any kind?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Have you had a chance to discuss your waiver with counsel?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Did your counsel explain the waiver to you, including the rights you are and are not giving up?

> **THE DEFENDANT**: Yes, sir.
>
> **THE COURT**: Are you satisfied with the advice your attorney gave you regarding the waiver?
>
> **THE DEFENDANT**: Yes, sir.
>
> **THE COURT**: Do you have any questions about the waiver?
>
> **THE DEFENDANT**: No, sir.
>
> **THE COURT**: Did anyone coerce you or promise you anything if you entered into the waiver?
>
> **THE DEFENDANT**: No, sir.
>
> **THE COURT**: Are you entering into the waiver voluntarily and of your own free will?
>
> **THE DEFENDANT**: Yes, sir.
>
> **THE COURT**: Are you satisfied you understand the waiver?
>
> **THE DEFENDANT**: Yes, sir.

R. Doc. No. 650, at 28–33.

Considering the Court's thorough explanation and Singleton's apparent understanding of the waiver of appeal, Singleton simply cannot claim that, but for some error by his lawyer, he would not have pleaded guilty. As the government argues, "It is [] unclear how any deficiencies by Singleton's counsel during plea negotiations changed the outcome of the proceedings to Singleton's detriment." R. Doc. No. 835. Accordingly, Singleton has not established prejudice sufficient to prove ineffective assistance of counsel.

**ii.**

Singleton next asserts that his lawyer's performance was deficient, because he failed to conduct adequate pre-trial investigation. R. Doc. No. 798, at 4. Specifically, he complains that his lawyer did not sufficiently inquire into allegedly false statements made by a witness. *Id.*

A failure to investigate can support a finding of ineffective assistance. *See Strickland*, 466 U.S. at 691. However, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [proceeding]." *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (quotation omitted). Singleton has made no such specific showing here.

Additionally, as the government notes, the factual basis Singleton verified and signed indicates that the government's case was "based on more than the testimony of one witness and included testimony from other cooperators, social media posts by Singleton and coconspirators, and physical evidence such as drugs and firearms." R. Doc. No. 835, at 11. In light of this evidence, Singleton has not convinced the Court that there is a reasonable probability that additional investigation as to the one witness would have resulted in a not guilty plea and an insistence on proceeding to trial. Thus, he has failed to make the required showing of prejudice and cannot prevail on his ineffective assistance claim.

**iii.**

Singleton's final ineffective assistance claim relates to his lawyer's failure to file a pre-trial motion to dismiss. R. Doc. No. 798, at 5. "[T]he filing of pre-trial motions 'falls squarely within the ambit of trial strategy.'" *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (quotation omitted). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire [proceeding] with obvious unfairness." *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).

Singleton does not specify the exact grounds upon which he believes his lawyer should have based such a motion. Nonetheless, assuming it would have "largely" been based on the false testimony of a cooperating witness, Singleton has failed to establish actual prejudice. R. Doc. No. 798, at 4. He simply has not demonstrated a reasonable probability that the motion to dismiss would have been granted. Considering the factual basis to which he admitted, Singleton has not shown how the outcome of his case would have been any different had his lawyer filed such a motion.

**IV.**

Finally, Singleton argues that—in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015)—the sentencing guideline providing for the enhancement applied in his case is unconstitutionally vague. *See* R. Doc. No. 798, at 5. However, this challenge is foreclosed by Supreme Court precedent. *See*

*Beckles v. United States*, 137 S. Ct. 886, 895 (2016) ("[T]he advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause.").

Accordingly,

**IT IS ORDERED** that the defendant's motion to vacate his sentence is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September 6, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**