# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
Eastern DISTRICT OF LOUISIANA

FILED   NOV 23 2020

CAROL L. MICHEL
CLERK

| | | |
|---|---|---|
| **LANCE SINGLETON,** | ( | **CASE NUMBER:** _____ |
| **[MOVANT-DEFENDANT]** | ) | **DOCKET #:** 14-168  I(4) |
| | | |
| **\*\*\*VERSUS\*\*\*** | ) | |
| | | |
| **THE UNITED STATES OF AMERICA,** | ( | _____ |
| **[PLAINTIFF-RESPONDENT]** | ) | **\*CLERK OF COURT\*** |

---

### PETITIONER'S PRO SE MOTION TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURES 35. (a)

---

**MAY IT PLEASE THIS HONORABLE COURT:**

Comes now, the Movant-Defendant, **Lance Singleton**, whom at this time respectfully moves this Honorable Court to review and/or correct the said sentence of the Petitioner **Lance Singleton**, so that such illegal sentence will not violate his substantial and Constitutional Rights.

Wherefore, the gist, contentions and gravamen of this proceeding are as follows:

TENDERED FOR FILING

NOV 23 2020

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1

## JURISDICTIONAL STATEMENT

The Movant, **Lance Singleton**, hereby avers that pursuant to Rule 35 (a) of the United States Criminal Code of Rules, the Court stated:

## CORRECTION OF SENTENCE

**"(a)        Correction of Sentence. The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."**

**Therefore, the sentencing of the Movant-Defendant is virtually incorrect and duly need to be corrected.**

**For the reason's herein stated, your Movant-Defendant, Lance Singleton will herein present to this Honorable Court where and why his sentence is incorrect and needs to be corrected. The facts of the matter are as follows:**

## CLAIM, RATIONALE, AND ARGUMENT

The Movant, **Lance Singleton**, a 29-year-old Defendant who was in the wrong place, with the wrong people, with the wrong intentions, whom was arrested and/or convicted for the charged offenses...

**Count-1** Conspiracy to distribute and/or to possess with intent to distribute (1) kilogram or more of heroin and/ or 280 grams or more of cocaine base.

**Count-2** Conspiracy to possess firearms in furtherance of a drug trafficking crime.

**Count-3** Possession with intent to distribute a quantity of cocaine base on or about January 5, 2012.

**Count-4** Possession of a Glock Semi-automatic pistol on January 5, 2012, in furtherance of the drug trafficking crime charged in Count 3. In violation of **18 U.S.C. § 924 (C)**.

The sentencing Court during sentencing the Defendant went on to say:

**"Singleton's** presentence investigation report groups Counts 1,2 and 3 together and calculates the base offense level as 32." ETC...

The Court mistakenly erred in calculating **U.S. § 2K2. 4 (b)**, the Movant acknowledge that it was an unintentional mistake.

However, if the Court will now so review **U.S.S. § 2K2.4**... meticulously the court will acknowledge the unintentional mistake that was made and such mistake hamper's the sentencing and the Constitutional and Substantial Rights of your Movant. **Pursuant to § 2K2. 4. (b) in relation to § 924 (c) on Count's 1,2, and 3, of a four (4) Count indictment with a level 31 sentence (135 to 168 months) is inaccurate...**

3

In the case of the Movant-Defendant there was an objection to the firearm enhancement. See **Puckett v. United States, 556 U.S. 125 (5th Cir. 2009),** the said objection should have been preserved, for (plain **error review).**

However, the two-level enhancement pursuant to **§ 2D1.1 (b) (1)** of the sentencing guidelines is illegal, in its best. Matter of fact it causes; **"(Inappropriate Double Punishment)"** in which your Movant is presently undergoing from the sentence he is serving.

Hence, the sentence of your Movant-Defendant does impermissibly punishes him... **(your Movant Mr. Lance Singleton)... Twice,** for the very same conduct, whereas, if it is levied in conjunction with a sentence for the violation of **18 U.S.C. § 924 (c). See U.S. v. Benbrook, 119 F.3d. 338, 339 (5th Cir 1997); United States v. Olano, 507 U.S. 725-734-36 (1993).** The Sentencing Guidelines Manual specifically states that the weapon enhancement should not apply, i.e., for the underlying offense, for examples, if (A) a Co-defendant as part of the joint undertaken criminal activity, possessed a firearm different from the one for which the Defendant was convicted under **18 U.S.C. § 924 (C). U.S. Sentencing Guideline Manual § 2K2.4 CMT. N.4.** It is factual with evidence that the District Court clearly erred in applying a two-level enhancement to the Movant-Defendant, and/or his offense.

Factually, when a Defendant (as your Movant), is sentenced under **Section (5) 924 (c)**, however, the sentencing guidelines expressly prohibit application of the **Sections 2D1.1 (D) (1)-two -level increase**, as the level enhancement under those circumstances would result in an impermissible double counting as it has done herein... of the firearm

4

offense-once under **Section (5) 924 (c)** and again under **Section (5) 2d1.1 (b) (1).**

Consequently, at the time of the original sentencing of your Movant, under **Section'(s) 924 (c), the two-level enhancement of Section(s) 2D1.1 (b) (1) is not available. See U.S.S.G. Section'(s) 2K2.4 commentary background (1995). See <u>Puckett v. U.S.</u>, (No: 07-9712) (March 25, 2009).**

Moreover, rule 52 (b) held that the plain error test applies to a forfeited claim, like **<u>Puckett's</u>** that the government failed to meet its obligation under a plea agreement and applies in the usual fashion. **[pp-4-14] ... <u>See also, U.S. v. Olano </u>507 U.S. 725, 732-33; (2)** it **must be** clear or obvious, see id., at 764 (3) it must have affected the outcome of the District Court proceedings Ibid; ...

However, the Government breached the plea of agreement does not retroactivity cause the Defendant's guilty plea to have been unknowing or involuntary, **<u>Santobello v. New York</u>, 404 U.S. 257 (1971).** In this matter **pursuant to 28 U.S.C. § 2255**, the Petitioner could raise a claim of Ineffective Assistance of Counsel, but (he did not) ... The thing that mattered the most is, the Court needs to correct the sentence of the Petitioner.

Hence, the sentencing error does affect his substantial and/or Constitutional along with his personal rights and ultimately, his sentence. Your Petitioner, **Lance Singleton** is entitled to relief because

he and every other Defendant who may make an agreement with the Government are entitled to take the Government at its word.

Now Lastly, your Petitioner lastly contends that he is entitled to having the Court to review his sentence and/or correct the sentence that does duly affects your Petitioner. It must be remembered; **Rule 35. (a)** where the court may correct a sentence that resulted from arithmetical technical or other clear error... but it is to be corrected by this Honorable Court.

**Moreover, and Explicitly, "Rule 35 (a) Specifically States":**

**"The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."**

The herein Petitioner has herein demonstrated that the court made an honest mistake in sentencing him, **pursuant to 18 U.S.C. § 924 (c)**, i.e., during sentencing along with other offenses the error gravely affected the Substantial and Constitutional gist of your Petitioners sentence. Background wise, **Section 844 (n) of Title 18 United States Code**, duly provides a mandatory term of imprisonment **Section 924 (c) and 929 (a) of Title 18, U.S.C.** provides mandatory minimum terms of imprisonment. A sentence imposed pursuant to any of these statutes must be imposed to run consecutively to any other term of imprisonment. To avoid double counting, when a sentence under this Section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for explosive or firearm

discharge, use brandishing, or possession is not applied in respect  to such underlying offense.


      Wherefore, it is for the reasons set forth herein, your Petitioner urgently imperatively request that this Honorable Court re-review his sentence, and correct the infirmities, and defects in which would be involve in this matter.


**Respectfully Submitted:**


Signed this 19 day of <u>November</u> 2020


S/ _____

**Lance Singleton, [Pro Se]**

## CONCLUSION

It is conclusion of your Petitioner-Defendant that an error in his sentence exist that virtually affects the sentence of your Petitioner.

Therefore, the Petitioner pursuant to **Haines v. Kerner**, **Supra** has submitted the entailed sense of law to correct the matter pursuant to **Federal Rules of Criminal Procedures Rule 35 (a)**, and duly request that the Court herein correct his sentence so that his Constitutional and Substantial rights will be corrected.

**Respectfully Submitted:**

Signed this 19 day of **November** 2020

S/_____
        Lance Singleton, [Pro Se]
        Reg # 33977-034
        Post Box 5000
        Federal Corrections Institution
        Yazoo City, Mississippi 39194

8

## CERTIFICATE OF SERVICE

I, **Lance Singleton**, hereby certify that I have mailed the original and one copy to the clerk's office for the United States District Court for the Eastern District of Louisiana this 19 day of <u>November</u>, 2020 by placing same in the Postal Mail depository at the herein listed address:

S/

Lance Singleton [Pro Se]
Reg # 33977-034
Post Box 5000
Yazoo City Low
Yazoo City, Mississippi 39194

Lance Singleton #33977-034
P.O.B. 5000
Yazoo City Low
Yazoo City Mississippi
39194

"Legal mail"

Eastern District of
Louisiana, Federal Court
500 Poydras St
New Orleans, LA
70130





