UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                             CRIMINAL ACTION

VERSUS                                                                            No. 14-168

LANCE SINGLETON                                                           SECTION I

### ORDER AND REASONS

Before the Court is defendant Lance Singleton's ("Singleton") motion[1] to correct an illegal sentence pursuant to Federal Rule of Criminal Procedure 35(a). The government opposes[2] the motion. The motion is denied for the following reasons.

Singleton pleaded guilty to four counts of a superseding indictment in September 2015.[3] The charged conduct occurred began in 2010 and continued through at least 2012.[4]

Singleton filed the instant motion in November 2020.[5] He argues that the Court sentenced him illegally by applying a two-point firearm enhancement under 2D1.1(b)(1).[6] Singleton argues that the Court can remedy this mistake because, under Federal Rule of Criminal Procedure 35(a), "[t]he Court may correct an illegal sentence at any time."[7]

---

[1] R. Doc. No. 906.
[2] R. Doc. No. 908.
[3] *See* R. Doc. No. 399 (minutes of arraignment hearing).
[4] R. Doc. No. 401 (factual basis).
[5] R. Doc. No. 906.
[6] *Id.* at 4.
[7] *Id.* at 2.

Singleton relies on an outdated version of Rule 35(a). That version still applies to sentences for offenses committed prior to Nov. 1, 1987; it does not apply here. *Id.* As amended, Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "The rule provides this Court with a 'narrow authority' that 'extends solely to cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action.'" *United States v. Dorsey*, No. 11-119, 2019 WL 2058933, at *3 (E.D. La. May 9, 2019) (Morgan, J.) (quoting *United States v. Olarte-Rojas*, 820 F.3d 798, 803–04 (5th Cir. 2016)).

Singleton filed this motion years after receiving the sentence at issue. And even if he had filed within fourteen days, his argument is not the sort which can be addressed on a 35(a) motion. Singleton does not argue that an arithmetic or technical error occurred. Instead, he re-urges an argument the Court rejected at sentencing. That is not the stuff of a Rule 35(a) motion. *See, e.g.*, *United States v. Caballero De La Torre*, 769 F. App'x 167, 168 (5th Cir. 2019) (per curiam) (stating that defendant's argument that district court "erred in imposing a four-year term of supervised release because he [was] a deportable alien . . . . could not [be] raise[d] . . . in a Rule 35 motion because [such an error] is not the type of error contemplated by Rule 35(a)"); *United States v. Jefferson*, 757 F. App'x 396, 396 (5th Cir. 2019) (per curiam) (stating that district court's alleged failure to explain deviation from the Guidelines is not "a proper ground under Rule 35(a)"). Therefore,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, December 21, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**