**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                                    **CRIMINAL ACTION**

**VERSUS**                                                                          **No. 14-168**

**LANCE SINGLETON**                                                      **SECTION I**

### ORDER & REASONS

Lance Singleton ("Singleton") has filed a notice of appeal[1] as to the Court's December 21, 2020 Order[2] denying his motion[3] to correct an illegal sentence pursuant to Rule 35(a). While he has not filed a motion to pursue this appeal in forma pauperis ("IFP"), the notice of appeal includes a document titled "Forma Pauperis Affidavit."[4] In light of Singleton's *pro se* status, the Court construes this as a motion for leave to proceed IFP on appeal. But because the appeal cannot possibly be in good faith, the Court denies the motion.

### BACKGROUND

On November 23, 2020, Singleton filed a motion "to correct an illegal sentence" pursuant to "Federal Rules of Criminal Procedures 35(a)."[5] Singleton argued that, in sentencing him, the Court applied a two-level firearm enhancement that was, in fact, "illegal" because it represented "[i]nappropriate [d]ouble [p]unishment."[6] Singleton

---

[1] R. Doc. No. 912.
[2] R. Doc. No. 909.
[3] R. Doc. No. 906.
[4] R. Doc. No. 912, at 3.
[5] R. Doc. No. 906, at 1.
[6] *Id.* at 4–5.

explained that the Court could correct this illegal sentence because Rule 35(a) "specifically states" that a court "may correct an illegal sentence at any time."[7]

In a December 21, 2020 order, the Court denied the motion, explaining that (1) Singleton was relying on an outdated version of Rule 35(a) and (2) because his offense was not committed prior to November 1, 1987, that version no longer applies.[8]  The Court also explained that, as amended, Rule 35(a) offers courts an opportunity to correct errors that are obvious, arithmetic, or technical in nature within fourteen days of sentencing.  The Court concluded that, because Singleton's motion came years after sentencing, it could not grant relief—though it went on to explain that a legal argument challenging an enhancement does not fall within Rule 35(a)'s ambit.[9]

## LAW AND ANALYSIS

A party may proceed with an appeal in forma pauperis when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  "A district court has discretion in deciding whether to grant or deny a request to proceed in forma pauperis."  *United States v. Nevers*, No. 16-088, 2020 WL 2513761, at *2 (E.D. La. May 15, 2020) (Morgan, J.) (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam)).

A district court reviewing a motion to proceed in forma pauperis is primarily tasked with evaluating "whether the costs of appeal would cause an undue financial

---

[7] *Id.* at 6.
[8] R. Doc. No. 909, at 2.
[9] *Id.*

hardship." *Nevers*, 2020 WL 2513761, at *2 (citing *Prows*, 842 F.2d at 140). However, "[e]ven if the cost of appeal would cause an undue financial hardship, a district court may nevertheless deny the appeal if the court finds it is not taken in good faith." *Id.* (citing 28 U.S.C. § 1915(a)(3); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam)). "Objective '[g]ood faith is demonstrated when a party seeks appellate review of any issue not frivolous.'" *Id.* (quoting *Howard*, 707 F.2d at 220). While claims of "arguable merit" should be allowed to move forward in forma pauperis, "a complaint is frivolous if it lacks an arguable basis either in law or in fact." *Id.* (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988) (per curiam); *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) (per curiam)).

The Fifth Circuit has explained that Rule 35(a) does not provide courts authority to amend judgments when more than fourteen days have passed. *See, e.g.*, *United States v. Ruvalcava-Garza*, 750 F. App'x 353, 357 (5th Cir. 2018) (per curiam) (vacating an amended judgment entered "nearly two months after sentencing"); *United States v. Henderson*, 651 F. App'x 261, 262 (5th Cir. 2016) (per curiam) (concluding that "district court could not have acted pursuant to [Rule] 35(a) because the vacation of the sentence and resulting resentencing occurred more than 14 days after the original sentence was orally pronounced"); *cf. United States v. Hankton*, 875 F.3d 786, 789 (5th Cir. 2017) ("Because Rule 35(a) requires that any correction occur within 14 days, the district court and Defendants had to work at breakneck speed."). It has also explained that this "is a jurisdictional time limit." *United States v. Davis*, 667 F. App'x 126, 127 (5th Cir. 2016) (per curiam).

The Court's conclusion that it lacked jurisdiction to grant Singleton relief under Rule 35(a) is the *only* conclusion it could reach.  And Singleton's IFP motion, such as it is, does not suggest that the Court should have interpreted his motion as seeking relief under any provision other than Rule 35(a).  Therefore, the Court concludes that the appeal is frivolous and therefore not taken in good faith.[10]

## **CONCLUSION**

For the reasons stated herein,

**IT IS ORDERED** that Singleton's motion to proceed in forma pauperis on appeal is **DENIED**.

New Orleans, Louisiana, January 19, 2021

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[10] Additionally, the Court notes that the document titled "Forma Pauperis Affidavit" is unsigned and undated.  R. Doc. No. 912, at 3.  It also offers little more than a plain statement that Singleton "is unable to pay the cost of the Proceedings herein because he is without the funds to do so."  *Id.*

4