

# United States Court of Appeals
## for the Fifth Circuit

**Certified as a true copy and issued as the mandate on Jan 03, 2022**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 21-30021
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 9, 2021
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> *Plaintiff—Appellee*,

versus

LANCE SINGLETON,

> *Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-168-2

Before STEWART, HAYNES, and HO, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the appeal is DISMISSED as frivolous.

United States Court of Appeals
for the Fifth Circuit

No. 21-30021
Summary Calendar

United States Court of Appeals
Fifth Circuit
FILED
December 9, 2021
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

versus

Lance Singleton,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-168-2

Before Stewart, Haynes, and Ho, *Circuit Judges*.
Per Curiam:[*]

Lance Singleton, federal prisoner # 33977-034, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). In that motion, Singleton argued that a two-level enhancement under

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30021

U.S.S.G. § 2D1.1(b)(1) had been erroneously applied at the time of sentencing. The district court denied Singleton's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for IFP status in this court, Singleton is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997). After filing a pro se brief, Singleton retained counsel, who moves to amend Singleton's pro se brief. The motion to amend is GRANTED.

Our inquiry into whether Singleton's appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). The record refutes Singleton's contention that the district court denied his IFP motion on financial grounds.

Singleton's Rule 35 motion was denied because it was untimely and lacked merit. Singleton argues that, if his request for relief was not appropriately brought under Rule 35(a), the district court should have liberally construed his motion as seeking relief under some other authority. However, he does not identify any other provision that would empower the district court to grant the relief sought.

With respect to his sentence, Singleton makes an argument regarding 18 U.S.C. § 924(c)(3)(B)'s residual-clause definition of the term "crime of violence." One of Singleton's convictions was for violating § 924(c)(1)(A), which proscribes the possession of a firearm in furtherance of either a crime of violence or a drug-trafficking crime. Here, Singleton's § 924(c) conviction was based on his possession of a firearm in furtherance of his possession with the intent to distribute cocaine base, a drug-trafficking offense. Thus, aside from not having been raised in the district court, this sentencing argument has no legal merit and is factually irrelevant.

No. 21-30021

Singleton also challenges the district court's ruling that his Rule 35(a) motion was untimely, arguing that it should be entertained despite being untimely because failure to do so would result in a miscarriage of justice. However, he cites no case from this court recognizing a miscarriage-of-justice exception to the deadline for Rule 35(a) motions. In any event, Singleton fails to identify a nonfrivolous argument regarding the denial of his Rule 35(a) motion, much less a miscarriage of justice.

Singleton has failed to show that his appeal involves any nonfrivolous issues. *See Howard*, 707 F.2d at 220. His motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 03, 2022

Ms. Carol L. Michel
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

      No. 21-30021    USA v. Singleton
                        USDC No. 2:14-CR-168-2

Dear Ms. Michel,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                Sincerely,

                                LYLE W. CAYCE, Clerk

                                By: _____
                                Mary C. Stewart, Deputy Clerk
                                504-310-7694

cc:
      Mr. Kevin G. Boitmann
      Ms. Diane Hollenshead Copes
      Mr. Myles Drew Ranier
      Mr. Robert L. Sirianni Jr.