UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 14-168 |
| v. | * | SECTION: "I" |
| LANCE SINGLETON | * | |
| | * * * | |

**GOVERNMENT'S RESPONSE TO LANCE SINGLETON'S MOTION FOR COMPASSIONATE RELEASE OR SENTENCE REDUCTION**

The United States of America, through the undersigned Assistant United States Attorney, hereby opposes Lance Singleton's Motion for Compassionate Release or Sentence Reduction. *See* Rec. Doc. 954. On the surface, Singleton's motion appears to involve difficult legal issues. Understanding Singleton's current legal situation requires discussion of the law concerning collateral attacks on previous state convictions, as well as the advisory nature of the United States Sentencing Guidelines. However, resolving the ultimate issue in Singleton's motion—whether Singleton is entitled to compassionate release—is straightforward. Singleton has not exhausted his administrative remedies as required for a compassionate release motion. Further, even assuming Singleton could someday benefit from recent developments in his legal situation, he has not demonstrated extraordinary and compelling reasons warranting his release, and the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against a sentence reduction. Singleton's motion should be denied.

**FACTS AND PROCEDURAL HISTORY**

In September 2015, Singleton pleaded guilty pursuant to a written plea agreement to five counts of a sixteen-count superseding indictment charging violations of the Federal Controlled Substances Act and the Federal Gun Control Act. *See* Rec. Doc. 399 (Rearraignment Minutes);

Rec. Doc. 400 (Plea Agreement). In advance of Singleton's December 2015 sentencing, United States Probation issued a presentence investigation report that described Singleton's criminal history. *See* Rec. Doc. 509 ("PSR"), ¶¶ 111-17. Among other convictions, the PSR described a 2008 conviction in Jefferson Parish for aggravated battery with a dangerous weapon. *See* PSR, ¶ 111. According to the PSR, the conviction resulted from an incident in which Singleton and two others fired handguns into an intersection. *See* PSR, ¶ 111. The PSR assigned Singleton three criminal history points for the 2008 Jefferson Parish offense. *See* PSR, ¶ 111. It also enhanced Singleton's total offense level by two points because Singleton committed the instant federal offense while he was on parole for the 2008 offense. *See* PSR, ¶ 115 (citing U.S.S.G. § 4A1.1(d)). Singleton was not a career offender. The PSR recommended an advisory guidelines imprisonment range of 135 to 168 months. PSR, ¶ 150.

At Singleton's sentencing, this Court adopted the recommended guidelines range and recognized that the sentence for one of Singleton's convictions under 18 U.S.C. § 924(c) would be consecutive to the sentences for the other counts. *See* Rec. Doc. 607, p. 5. The Court also summarized Singleton's criminal history:

> I see at 16 you had aggravated battery with a dangerous weapon. You pled guilty. You served three years imprisonment. You and two others were walking and illegally firing handguns at victims, and two victims sustained gunshot wounds, and five victims were forced to flee in fear of being shot. You also damaged a residence and three vehicles.
>
> Later on, age 20, I think you had possession of marijuana, and then again at age 20—excuse me—convicted felon in possession of a firearm and possession of cocaine. You committed this offense, as a matter of fact, while you were on parole. So, you have quite a criminal history at this point. Of course, this is a very serious case, presented by the factual basis.

Rec. Doc. 607, p. 10. The Court then sentenced Singleton to a term of imprisonment of 228 months, consisting of sentences of 168 months each for Counts 1, 2, and 3 and 60 months for Count 4 (the § 924(c) count). *See* Rec. Doc. 607, p. 12 (Oral Pronouncement); Rec. Doc. 536 (Judgment).

Singleton subsequently filed a direct appeal that was dismissed by the Fifth Circuit because of the appellate waiver in Singleton's plea agreement. *See* Rec. Doc. 783. Singleton also filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 and a Motion to Correct Sentence under Federal Rule of Criminal Procedure 35(a), both of which were denied by this Court. *See* Rec. Doc. 798 (§ 2255 Motion); Rec. Doc. 836 (Order Denying § 2255 Motion); Rec. Doc. 906 (Rule 35(a) Motion); Rec. Doc. 909 (Order Denying Rule 35(a) Motion).

Singleton filed the instant Motion for Compassionate Release or Sentence Reduction in April 2022. *See* Rec. Doc. 954. In June 2022, in unrelated proceedings, the Jefferson Parish District Attorney's Office filed an unopposed motion in the Louisiana 24th Judicial District Court requesting that the court vacate Singleton's 2008 conviction. *See* 24th Judicial District Court Motion and Order, attached hereto as Government's Exhibit A, pp. 1-2. According to the District Attorney's Office, Singleton had been convicted under a provision in the Louisiana Children's Code that had since been deemed unconstitutional by the Louisiana Supreme Court. *See* Gov. Ex. A, pp. 1-2; *see also State in Interest of D.T.*, 19-445, ___ So.3d ____, 2020 WL 1670730 (La. 4/3/20). Later that month, the state court signed an order vacating Singleton's 2008 conviction. *See* Gov. Ex. A, p. 3. Singleton's pro se Motion for Compassionate Release or Sentence Reduction, filed one month before the state court vacated his 2008 conviction, does not argue that the recent changes in his legal situation warrant early release from his federal sentence. *See* Rec. Doc. 954.

**LAW AND ARGUMENT**

I.  **The effect of the state court's vacating Singleton's 2008 conviction.**

This Court does not need to decide the issue of whether and to what extent the vacating of Singleton's 2008 conviction had an effect on his federal sentence. Instead, the government offers the following explanation to the extent it informs the Court's analysis under the law concerning compassionate release, including whether Singleton has demonstrated extraordinary and compelling reasons warranting release.

"In *Custis v. United States*, 511 U.S. 485, 497 (1994), the Supreme Court stated in dicta that a defendant who successfully attacks a state court sentence may then apply for reopening of any federal sentence enhanced by the state sentence." *United States v. Myers*, No. CR. A. 95-153, 2001 WL 815591, at *1 (E.D. La. July 19, 2001) (Clement, J.). "Numerous courts, including the Fifth Circuit, have adopted this dicta as law and have found a § 2255 motion to be a proper vehicle for such an application." *Id.* (citing *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994)).[1] This rule does not apply to state convictions that were administratively or procedurally set aside but instead is limited to situations involving innocence or errors of law, such as ineffective assistance of counsel. *See United States v. Daniels*, 588 F.3d 835, 837-38 (5th Cir. 2009); *United States v. Santana*, 220 F. App'x 283, 285-86 (5th Cir. 2007); *Myers*, 2001 WL 815591, at *1-2.

---

[1] As explained below, this Court should not construe the instant Motion for Compassionate Release or Sentence Reduction as a § 2255 motion. In the event Singleton chooses to file a § 2255 motion, such a motion would be second and successive and would need to be filed with the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2255(h). If the Fifth Circuit certifies Singleton's second and successive § 2255 motion, the government would then decide whether to raise arguments such as the timeliness of Singleton's filing, whether Singleton's claims are barred by the collateral review waiver in his plea agreement, and whether Singleton's claims are procedurally defaulted.

4

Two of the cases that promulgated this rule—the Supreme Court's decision in *Custis* and the Fifth Circuit's decision in *Nichols*—were decided when the Sentencing Guidelines were mandatory. As a result, courts have applied the rule in instances where the defendant's state conviction was used to support a statutory enhancement under the Armed Career Criminal Act, *see Custis*, 511 U.S. at 497, and to support an enhancement under the career offender provision of the Sentencing Guidelines. *See Nichols*, 30 F.3d at 36. In either scenario (a statutory enhancement or an enhancement under the mandatory Sentencing Guidelines), the defendant would have been entitled to a shorter sentence without consideration of an unlawfully or unconstitutionally obtained state conviction. *See, e.g., Nichols*, 30 F.3d at 36 (defendant entitled to federal resentencing without consideration of state conviction after state court determined prosecutors withheld exculpatory evidence and vacated conviction).

Two developments in the years since *Custis* and *Nichols* are relevant to this analysis. First, in *United States v. Booker*, 543 U.S. 220 (2005), "the Supreme Court held that the Sentencing Guidelines . . . if considered 'mandatory and binding on all judges,' violated the Sixth Amendment by confecting sentences based on facts not established by a plea of guilty or jury verdict." *United States v. London*, 937 F.3d 502, 504 (5th Cir. 2019) (quoting *Booker*, 543 U.S. at 233, 244 (majority opinion of Stevens, J.)). "To remedy this constitutional violation, the Supreme Court severed 'the provision of the federal sentencing statute that makes the Guidelines mandatory . . . mak[ing] the Guidelines effectively advisory.'" *Id.* (quoting *Booker*, 543 U.S. at 245) (majority opinion of Breyer, J.) (ellipsis and brackets in original).

Later, in *Beckles v. United States*, 137 S. Ct. 886 (2017), "the Supreme Court considered a vagueness challenge to the residual clause of U.S.S.G. § 4B1.2 in the post-*Booker* Guidelines." *Id.* at 505 (citing *Beckles*, 137 S. Ct. at 890). "The Court determined that, because the post-

5

*Booker* Guidelines 'merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge.'" *Id.* (quoting *Beckles*, 137 S. Ct. at 894). "Prior to the creation of the Sentencing Guidelines regime, the Court explained, judges had virtually unfettered discretion at sentencing." *Id.* "Since that purely discretionary system was not unconstitutionally vague, it necessarily followed that neither was the Guidelines scheme of 'guided discretion' unconstitutionally vague." *Id.* (quoting *Beckles*, 137 S. Ct. at 894). In other words, a district court imposing a sentence post-*Booker* relies on the Guidelines "'merely for advice in exercising its discretion to choose a sentence within [the] statutory limits.'" *Id.* (quoting *Beckles*, 137 S. Ct. at 895) (brackets in original). Courts—including this Court earlier in this case—have relied on *Beckles* to reject claims that the Guidelines are unconstitutionally vague in the same way as statutes that include sentence enhancements based on a defendant's previous convictions. *See United States v. Singleton*, No. 14-168, 2017 WL 3894687, at *5 (E.D. La. Sept. 6, 2017) (Africk, J.).

It is difficult to reconcile the Fifth Circuit's holding in *Nichols* with the Supreme Court's later decisions in *Booker* and *Beckles*. Before *Booker*, defendants with statutorily enhanced federal sentences (for example, under the ACCA) were similarly situated to defendants whose federal sentences were enhanced under the then-mandatory Guidelines. However, since *Booker*, the Supreme Court has "emphasized the distinction between statutes that 'fix the permissible range of sentences' and advisory Guidelines that 'guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.'" *London*, 937 F.3d at 508 (quoting *Beckles*, 137 S. Ct. at 892). Put differently, the rationale for allowing pre-*Booker* defendants whose state convictions resulted in Guidelines enhancements to reopen their federal sentences no longer exists. Consistent with *Booker* and *Beckles*, that remedy should be reserved only for those

6

defendants with statutorily enhanced federal sentences or defendants who were sentenced under the mandatory Guidelines. Defendants such as Singleton who were sentenced post-*Booker* with no statutory enhancements are not entitled to reopening their federal sentences, even assuming they can establish constitutional or legal errors with their state convictions.

At least one district court has rejected this argument and vacated a defendant's federal sentence after the defendant successfully challenged a state conviction. *See Johnson v. United States*, 424 F. Supp. 3d 434, 444-46 (D. Md. 2019). However, *Johnson* did not address the holding in *Beckles* that statutory enhancements and enhancements under the mandatory Guidelines are treated differently than enhancements under the advisory Guidelines. *See Johnson*, 424 F. Supp. 3d at 444-46. And, unlike Singleton, the defendant in *Johnson* was a career offender. *See id.*; *see also United States v. Thomas*, No. ELH-10-082, 2019 WL 2904652, at *12-13 (D. Md. July 5, 2019) (rejecting government's argument concerning *Beckles* where defendant was a career offender). Singleton's now-vacated state conviction resulted in the PSR's assigning him three criminal history points and a two-level enhancement for committing the federal crime while on parole. *See* PSR, ¶¶ 111, 115.

For these reasons, *Nichols* does not control this case, and Singleton is not entitled to a reopening of his sentence, even assuming he files a § 2255 motion and his state conviction was vacated because of constitutional or legal error. Singleton's request for compassionate release should be denied.

**II.     This Court should not construe the instant Motion for Compassionate Release or Sentence Reduction as a motion under 28 U.S.C. § 2255.**

"Pro se habeas petitions are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (brackets omitted). "Ultimately, it is the substance of the relief sought by a pro se pleading, not the label

7

that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *Id.* (quotation marks omitted). Generally, when a post-conviction pleading challenges the defendant's conviction or sentence, a district court should construe it as a § 2255 motion. *See id.* at 410. However, when filings have requested sentence reductions or clemency, courts have construed them as motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See United States v. Hurtado-Aguilar*, No. 3:03-CR-0361-B-1, 2022 WL 2359638, at *1 (N.D. Tex. June 30, 2022); *United States v. Mondragon*, No. 4:18-CR-132(5), 2020 WL 3868988, at *2 (E.D. Tex. July 8, 2020).

Here, Singleton titled his filing "Motion for Compassionate Release/Reduction in Sentence Pursuant to the First Step Act 18 U.S.C. § 3582(c)(1)(A)(i)." *See* Rec. Doc. 954. Beyond the title of the filing, the motion's substance is consistent with that of a compassionate release motion and not a § 2255 motion. Singleton does not argue ineffective assistance of counsel or raise other issues that are usually reserved for § 2255 motions, including the sentencing issue described above. *See* Rec. Doc. 954. Instead, Singleton points to his good conduct while in prison and improvements he has made as reasons for his early release. *See, e.g.*, Rec. Doc. 954, p. 1 ("I have taken numerous evidence based recidivism reducing programs as detailed within the First Step Act[.]"); Rec. Doc. 954, p. 2 ("My post-sentencing rehabilitation, 3553(a) factors, and concrete release plan, all favor a reduction in sentence."). Accordingly, this Court should not construe the instant filing as a § 2255 motion.

**III.   Singleton has not exhausted his administrative remedies as required for a compassionate release motion.**

"Generally, courts 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Millsaps*, No. 95-377, 2021 WL 2291137, at *1 (E.D. La. June 4, 2021) (Lemmon, J.) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)). "However, title 18,

8

section 3582 of the United States Code permits the court to reduce a term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)). A defendant seeking a reduction in sentence must fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or wait 30 days from the receipt of such a request by the warden of the defendant's facility before filing a motion. *See* 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has "clarified that the requirement that a defendant file a request with [BOP] before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule." *United States v. Sentimore*, No. 04-382, 2020 WL 7630778, at *1 (E.D. La. Dec. 22, 2020) (Lemmon, J.) (citing *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020)). "As such, it is mandatory if properly raised, but may be waived or forfeited by an opposing party." *Id.* (citing *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019)).

In this case, Singleton claims to have attached his "administrative remedy exhaustion" to his compassionate release motion. *See* Rec. Doc. 954, p. 2. However, the attachments to Singleton's motion do not establish that Singleton exhausted his administrative remedies by, for example, submitting an application to the warden of his facility and waiting for a denial or for 30 days to elapse. *See Sentimore*, 2020 WL 7630778, at *1 (considering exhaustion requirement satisfied where "defendant's request to the warden was denied in a letter that advised him that he could appeal the decision by pursuing an Administrative Remedy via Form BP-9"). Moreover, the government contacted counsel for the BOP, who stated that Singleton's BOP facility could find no documentation that Singleton filed a request with the warden. "When a defendant merely

9

mentions an unsubstantiated request to his warden in his motion, courts fail to find sufficient proof of exhaustion." *United States v. Lee*, No. 09-317, 2022 WL 2905177, at *2 (E.D. La. July 22, 2022) (Lemelle, J.); *see also id.* ("[N]either an inference by the Court nor a bald claim by a defendant has been held sufficient as proof of such a request."). Because Singleton has not demonstrated that he exhausted his administrative remedies, his motion should be denied.

**IV.     In the event this Court considers the merits of Singleton's motion, Singleton has not demonstrated extraordinary and compelling reasons warranting compassionate release.**

"The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that 'extraordinary and compelling reasons warrant the reduction' and '[the defendant] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" *Millsaps*, 2021 WL 2291137, at *1 (quoting U.S.S.G. § 1B1.13)). "The Fifth Circuit has held that U.S.S.G. § 1B1.13 'informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release,' but the commentary is 'not dispositive' and does not bind a court considering a compassionate release motion." *Id.* at *1 n.1 (quoting *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021)); *see also United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).[2] "[I]n cases in which a defendant cites a medical condition as a basis for compassionate release, the relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from 'a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or a 'serious physical or medical condition' that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from

---

[2] The government maintains that exceptional and compelling circumstances are limited to those situations stated in § 1B1.13 but recognizes that argument is foreclosed by *Shkambi*, 993 F.3d at 393. The government preserves the issue for further review.

10

which he or she is not expected to recover.'" *Sentimore*, 2020 WL 7630778, at *2 (quoting U.S.S.G. § 1B1.13 cmt. 1(A)).

Beyond the Guidelines, "Congress never defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction," but it has provided one restriction: "'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Shkambi*, 993 F.3d at 391 (quoting 28 U.S.C. § 994(t)); *see also United States v. Hudson*, No. 10-329, 2021 WL 2912012, at *4 (E.D. La. July 12, 2021) (Africk, J.) ("Hudson's rehabilitation, though certainly commendable, is not extraordinary or compelling."); *United States v. Harrelson*, No. 4:11-CR-182-SDJ, 2022 WL 2910013, at *6 (E.D. Tex. July 22, 2022) ("The Court may consider post-sentencing rehabilitation efforts in ruling on a compassionate-release motion, but 'rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 944(t)); *United States v. Gregg*, No. 3:14-CR-0451-B-3, 2021 WL 1626605, at *2 (N.D. Tex. Apr. 27, 2021) ("Gregg's rehabilitation—the sole basis for his request for compassionate release—cannot constitute an extraordinary and compelling reason for his release[.]").

Here, Singleton does not argue that he is entitled to compassionate release because of any medical issues, and Singleton's medical history while in BOP custody shows that he does not suffer from any terminal illnesses or serious mental or physical conditions. *See* Medical History, attached hereto as Government's Sealed Exhibit B. Rather, Singleton's request for compassionate release is based on his rehabilitation efforts while incarcerated and his claim that he is a different person than when he was sentenced in December 2015. *See* Rec. Doc. 954. For example, Singleton cites his BOP disciplinary record, which includes only one infraction for being in an unauthorized area. *See* Rec. Doc. 954, p. 3; *see also* Disciplinary Record, attached

11

hereto as Government's Sealed Exhibit C. Singleton's rehabilitation alone cannot constitute an extraordinary and compelling reason for his release. *See Shkambi*, 993 F.3d at 391; *Hudson*, 2021 WL 2912012, at *4. Singleton claims he has offered other reasons for compassionate release, *see* Rec. Doc. 954, p. 3, but his motion provides none.

Presumably, if Singleton's 2008 Jefferson Parish conviction had been vacated earlier, he would have included that development in the instant motion for compassionate release. As explained above, to the extent a defendant in Singleton's position is entitled to relief after a state conviction is vacated, the proper vehicle for such a claim is a motion under § 2255. *See Custis*, 511 U.S. at 497. Because this Court has already denied a § 2255 motion by Singleton, *see* Rec. Doc. 836, any subsequent § 2255 filing would be second and successive and must be filed with the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2255(h). Singleton cannot use this compassionate release motion as a substitute for a properly filed motion under § 2255. Among other things, § 2255(h) requires that the Fifth Circuit certify that Singleton's motion contains either newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255(h). The possibility of future relief on this legal issue does not constitute an extraordinary and compelling circumstance justifying compassionate release. Singleton's motion should be denied.

**V.     The sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against early release.**

Even if Singleton could establish an extraordinary and compelling circumstance, consideration of the applicable § 3553(a) sentencing factors does not support a sentence reduction. Those factors include:

>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2) the need for the sentence imposed—

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct; [and]
>
> (C) to protect the public from further crimes of the defendant; and . . .
>
> (5) any pertinent policy statement[.]

18 U.S.C. § 3553(a).

Singleton is incarcerated for multiple serious offenses related to his involvement in the Harvey Hustlers gang, including conspiracy to possess firearms in furtherance of drug trafficking and possession of a Glock semi-automatic pistol in furtherance of drug trafficking. *See* PSR, ¶¶ 1-5. Singleton sold heroin and crack with fellow gang members, and he regularly carried a firearm when he was engaged in drug trafficking. *See* PSR, ¶¶ 82-85, 90; Rec. Doc. 401, pp. 2-4 (Factual Basis). Singleton has served approximately half of his 228-month sentence, with a projected release date from BOP custody of December 21, 2028. *See* BOP Inmate Locator, available at https://www.bop.gov/inmateloc/. At sentencing, this Court recognized Singleton's criminal history, including the shooting underlying the 2008 Jefferson Parish conviction, and stated that "this is a very serious case" before imposing Singleton's sentence. *See* Rec. Doc. 607, p. 10.

This Court and other courts have denied sentence reductions in cases involving similar offenses and conduct. *See, e.g.*, *United States v. Michele*, No. 13-160, 2022 WL 474168, at *4-5 (E.D. La. Feb. 16, 2022) (Africk, J.) (defendant was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine); *United States v. Brumfield*, No. 13-94, 2020 WL 4747710, at *6-7 (E.D. La. Aug. 17, 2020) (Africk, J.) (defendant was convicted of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and

13

possession with intent to distribute cocaine); *Millsaps*, 2021 WL 2291137, at *1 (defendant was convicted of conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine); *Sentimore*, 2020 WL 7630778, at *2 (same); *United States v. Deville*, No. 15-293, 2021 WL 4243318, at *4 (E.D. La. Sept. 17, 2021) (Zainey, J.) (defendant was convicted of conspiracy to possess with intent to distribute cocaine and use of a phone in furtherance of drug trafficking). This Court has also denied requests for compassionate release by other defendants in this case. *See* Rec. Doc. 897, pp. 11-12 (Order Denying Motion for Compassionate Release by Clifford Sonnier); Rec. Doc. 937, pp. 8-11 (Order Denying Motion for Compassionate Release by Harry Smoot), *aff'd, United States v. Smoot*, No. 21-30532, 2022 WL 1314699, at *1 (5th Cir. May 3, 2022).

As in those cases, the § 3553(a) factors—most notably, the nature and circumstances of the offense, the need for the sentence imposed to provide just punishment for the offense, the need for the sentence imposed to afford adequate deterrence to criminal conduct, and the need for the sentence imposed to protect the public from further crimes of the defendant—weigh against a sentence reduction here. Singleton's request for compassionate release should be denied.

## CONCLUSION

For the foregoing reasons, the government requests that the Court deny Lance Singleton's Motion for Compassionate Release or Sentence Reduction. *See* Rec. Doc. 954.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY


/s/ *J. Ryan McLaren*
J. RYAN McLAREN
Assistant United States Attorney
LA Bar Roll No. 36577
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3037
E-Mail: ryan.mclaren@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. Additionally, a copy of the foregoing was mailed to pro-se prisoner Lance Singleton, Reg. No. 33977-034, FCI Yazoo City Low, Federal Correctional Institution, P.O. Box 5000, Yazoo City, MS 39194, by placement in the United States Mail, postage prepaid and properly addressed, this 10th day of August, 2022.

/s/ *J. Ryan McLaren*
J. RYAN McLAREN
Assistant United States Attorney