TWENTY-FOURTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 07-5533                                                    DIVISION "A"

STATE OF LOUISIANA

VERSUS

LANCE SINGLETON

FILED FOR RECORD 06/28/2022 10:55:02
Harold H. Robinson, DY CLERK
JEFFERSON PARISH, LA

FILED: _____

**DEPUTY CLERK**

## JOINT MOTION AND ORDER TO VACATE CONVICTION UNDER CODE OF CRIMINAL PROCEDURE ARTICLE 930.10(A)

NOW INTO COURT come the State of Louisiana through the undersigned Assistant District Attorney and the Defendant through undersigned Counsel, who aver as follows:

On February 19, 2008, the Defendant pled guilty to two counts of the crime of Aggravated Battery with a Firearm, committed when the Defendant was a juvenile and transferred to this Court for adult prosecution under the authority of La. Ch.C. art. 305(B)(2)(j). On April 3, 2020, the Louisiana Supreme Court decided *State in the Interest of D.T.*, 19-1445 (La. 4/3/20), -- So.3d --, 2020 WL 1670730, which held La. Ch.C. art. 305(B)(2)(j) unconstitutional under La. Const. art. V § 19. It appears that *State in the Interest of D.T.* would be retroactive under *Teague v. Lane*, 488 U.S. 288 (1988) and *State ex rel. Taylor v. Whitley*, 606 So.2d 1292 (La. 1992). As such, it further appears that the Defendant's conviction for Aggravated Battery with a Firearm should be vacated.

Louisiana post-conviction law is subject to numerous procedural and substantive requirements in Title XXXI-A of the Code of Criminal Procedure (La. C.Cr.P. art. 924 et seq.). However, in 2021 the Legislature passed Act No. 104, which, among numerous other things, added La. C.Cr.P. art. 930.10(A) to provide that "[u]pon joint motion of the petitioner and the district attorney, the district court may deviate from any of the provisions of this Title." This essentially creates a "consent exception" to post-conviction law to be used in extraordinary circumstances in the interest of justice. Given the circumstances discussed above, it appears that the Defendant's conviction for Aggravated Battery with a Firearm should be vacated, and the State and the Defendant jointly so move under La. C.Cr.P. art. 930.10(A).

1


GOVERNMENT EXHIBIT A

WHEREFORE, the State and the Defendant concur that the above-referenced conviction for Aggravated Battery with a Firearm should be vacated.

Respectfully submitted,

*[signature]*
MOLLY M. G. MASSEY, LA BAR # 29204
ASSISTANT DISTRICT ATTORNEY
200 DERBIGNY STREET
GRETNA, LOUISIANA 70053
TELEPHONE: (504) 368-1020

*[signature]*
KENNETH J. BECK, LA BAR #17462
COUNSEL FOR DEFENDANT
2908 SAINT CHARLES AVE
NEW ORLEANS, LA 70115
TELEPHONE: (504) 319-7920

2

**TWENTY-FOURTH JUDICIAL DISTRICT COURT**
**FOR THE PARISH OF JEFFERSON**
**STATE OF LOUISIANA**

NO. 07-5533                                                                DIVISION "A"

**STATE OF LOUISIANA**

**VERSUS**

**LANCE SINGLETON**

FILED:_____          _____
                                                                                    **DEPUTY CLERK**

**ORDER**

CONSIDERING THE FOREGOING,

IT IS HEREBY ORDERED that the above-captioned Defendant's conviction for Aggravated Battery with a Firearm in the above-captioned case be and is hereby VACATED.

Gretna, Louisiana, this __29__ day of _____June_____ 2022.

_____
JUDGE

3