UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 14-168** |
| **LANCE SINGLETON** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Lance Singleton's ("Singleton") motion[1] for compassionate release. The government opposes the motion.[2] Because Singleton has not demonstrated that he exhausted all administrative remedies, the Court denies the motion.

## I.

On September 21, 2015, Singleton pleaded guilty to four counts of a superseding indictment charging him with violations of federal drug trafficking and firearm laws.[3] This Court sentenced Singleton to a term of 228 months.[4]

Singleton appealed his sentence based on this Court's application of a two-point sentencing enhancement under the Sentencing Guidelines; the Fifth Circuit dismissed the appeal because Singleton waived appellate rights in his plea agreement.[5] Singleton also filed a motion to vacate his sentence pursuant 28 U.S.C.

---

[1] R. Doc. No. 954.
[2] R. Doc. No. 968.
[3] R. Doc. No. 400.
[4] R. Doc. No. 607, at 12.
[5] R. Doc. No. 783.

1

§ 2255,[6] which this Court denied.[7] Singleton then filed a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a),[8] which this Court also denied.[9]

Singleton's motion for compassionate release emphasizes his involvement with educational programming and his lack of disciplinary infractions while incarcerated.[10] The government's opposition argues that Singleton failed to exhaust administrative remedies and failed to present extraordinary and compelling reasons justifying release.[11]

---

[6] R. Doc. No.798.
[7] R. Doc. No. 836.
[8] R. Doc. No. 906.
[9] R. Doc. No. 909.
[10] R. Doc. No. 954, at 1–3.
[11] R. Doc. No. 968. The government also discusses the fact that, in June 2022, a Louisiana state court vacated Singleton's 2008 conviction pursuant to a statute that has since been deemed unconstitutional by the Louisiana Supreme Court. *Id.* at 3–7. That conviction was noted in Singleton's presentence report and resulted in his being assigned three criminal history points and a two-level enhancement for committing the federal crimes while on parole. R. Doc. No. 509 (Presentence Report), ¶ 111. As the government notes, that conviction was vacated after Singleton filed the instant motion for compassionate release. R. Doc. No. 968, at 3. Singleton's motion does not discuss this development, and the Court does not address it.

The government also argues that the Court should not construe Singleton's motion as a 28 U.S.C. § 2255 motion to vacate his sentence. *Id.* at 7. The Court agrees. Singleton has previously filed a motion under section 2255 and would need to seek leave from the Fifth Circuit to file another. R. Doc. No. 798; 28 U.S.C. § 2255(h). The instant motion is titled "Motion for Compassionate Release/Reduction in Sentence Pursuant to the First Step Act 18 U.S.C. 3582(c)(1)(A)(i)." It repeatedly cites 18 U.S.C. § 3582(c)(1)(A) and mentions the First Step Act. It does not discuss 28 U.S.C. § 2255 nor mention any issues typically raised in a section 2255 motion, such as ineffective assistance of counsel.

## II.

In pertinent part, 18 U.S.C. § 3582(c)(1)(A) allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Failure to satisfy this prerequisite is not jurisdictional, but is rather a mandatory claim-processing rule that must be enforced if invoked by the government. *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020). The defendant bears the burden of demonstrating that he has exhausted administrative remedies. *United States v. Metz*, No. 92-469, 2020 WL 2838593, at *2 (E.D. La. June 1, 2020) (Africk, J.).

In his motion, Singleton states that he "attached [his] administrative remedy exhaustion."[12] Attached to Singleton's motion are several documents,[13] but none establish that Singleton exhausted administrative remedies. Further, the government states that it contacted counsel for the Bureau of Prisons, "who stated that Singleton's BOP facility could find no documentation that Singleton filed a

---

[12] R. Doc. No. 954, at 2.
[13] Included are a copy of the Tenth Circuit's opinion in *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021) (affirming a district court's decision to grant compassionate release); a schedule for a reentry seminar presented by the U.S. Attorney's Office; Singleton's educational transcript; a computation of his sentence with the percentage of term served circled; his Individualized Needs Plan; his recidivism risk score; and an untitled document that appears to be a separate motion for compassionate release discussing the impact of COVID-19 on prison conditions. R. Doc. Nos. 954-1, 954-2, 954-3.

3

request with the warden."[14] Because Singleton has not made any showing that he has "fully exhausted all administrative rights" or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of his facility, Singleton's motion must be denied.

### III.

Because Singleton did not exhaust administrative remedies, the Court does not address whether he has demonstrated extraordinary and compelling reasons justifying compassionate release. Nor does it address the effect of the vacatur of Singleton's prior conviction. It also does not address whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of compassionate release. Accordingly,

**IT IS ORDERED** that Singleton's motion[15] for compassionate release is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, August 19, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. No. 968, at 9.
[15] R. Doc. No. 954.